1 GARY M. RESTAINO
United States Attorney
2 District of Arizona

3 LINDSAY SHORT
Arizona State Bar No. 034125
4 Assistant U.S. Attorney
Two Renaissance Square
5 40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
6 Lindsay.Short@usdoj.gov
Telephone: 602-514-7500
7 Attorneys for Plaintiff



FILED ☐  LODGED ☒

**Dec 17 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE DISTRICT OF ARIZONA

10
    United States of America,                No.    CR-24-01794-01-PHX-KML (ASB)
11
                    Plaintiff,
12                                                    **PLEA AGREEMENT**
          vs.
13

14    CoEric Riley,

15                    Defendant.

16      Plaintiff, United States of America, and defendant, CoEric Riley, hereby agree to

17 dispose of this matter on the following terms and conditions:

18 **1.    PLEA**

19      Defendant will plead guilty in this matter to an Information charging defendant with

20 a violation of Title 18, United States Code (U.S.C.) § 1347, Healthcare Fraud, a Class C

21 felony offense.

22 **2.    MAXIMUM PENALTIES**

23      a.    A violation of 18 U.S.C. § 1347, is punishable by a maximum term of

24 imprisonment of 10 years, a maximum fine of $250,000 or twice the pecuniary gain or loss

25 incurred by another [18 U.S.C. § 3571(d)], a term of supervised release of 3 years, or all

26 three combined. The actual loss to victims is approximately $3,300,000. A maximum term

27 of probation is five years (including a minimum term of one year if probation is imposed).

28

b.     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.     The Court is required to consider the Sentencing Guidelines in determining defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.     **AGREEMENTS REGARDING SENTENCING**

a.     <u>Stipulation: Low End</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate that defendant's sentence shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance or sentence below the cap, or the court from imposing a sentence below the cap.

b.     <u>Loss Amount</u>.  Pursuant to U.S.S.G. § 2B1.1, for purposes of calculating the Sentencing Guidelines range, the United States and defendant stipulate that the total loss from defendant's combined unlawful conduct is $3,300,000.

c.   Stipulation: No Aggravating Role. The United States and defendant stipulate that a sentencing enhancement under U.S.S.G. § 3B1.1 (aggravating role) shall not apply in this case.

d.   Restitution.  Pursuant to 18 U.S.C. § 3663 and/or 3663A, defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $3,300,000, to all victims directly or proximately harmed by defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.  Defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw defendant's guilty plea or to withdraw from this plea agreement.

e.   Assets and Financial Responsibility. Defendant shall make a full accounting of all assets in which defendant has any legal or equitable interest.  Defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).  Defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to defendant in order to evaluate defendant's ability to satisfy any financial obligation imposed by the Court.  Defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.  Finally, defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

f.   Recommendation: Sophisticated Means. The United States will recommend that a sentencing enhancement under U.S.S.G. § 2B1.1(b)(10)(c) (sophisticated means) shall not apply in this case.

g. <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

h. <u>Non-Binding Recommendations</u>. Defendant understands that recommendations are not binding on the Court. Defendant further understands that defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

**4. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. Defendant understands that any statements made at the time

of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

Defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against defendant, or any aspect of defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall result in the dismissal of any appeal, collateral attack, or other motion defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.     DISCLOSURE OF INFORMATION**

a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.     Any information, statements, documents, and evidence that defendant provides to the United States pursuant to this agreement may be used against defendant at any time.

c.     Defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)     financial information, including present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.     Nothing in this agreement shall be construed to protect defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.     ELEMENTS**

### Healthcare Fraud (18 U.S.C. § 1347)

To prove the crime of Healthcare Fraud in violation of 18 U.S.C. § 1347, the government must prove the following elements beyond a reasonable doubt:

1.     In the District of Arizona and elsewhere, the defendant knowingly and willfully executed a scheme or plan to defraud the Arizona Health Care Cost Containment System ("AHCCCS") by means of material false or fraudulent pretenses, representations, or promises;

2.     The defendant acted with the intent to defraud;

3.     AHCCCS was a health care benefit program; and

4.     The scheme was executed in connection with the payment for health care benefits and services.

**10.** **FACTUAL BASIS**

    a.    Defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

Beginning on or about March 2020 and continuing through on or about June 2022, within the District of Arizona and elsewhere, defendant COERIC RILEY, did willfully, intentionally, and knowingly execute a scheme and artifice to defraud Arizona Health Care Cost Containment System ("AHCCCS") out of at least $3,300,000 by submitting falsified medical billings through the company NEW HORIZONS BEHAVIORAL HEALTH ("NEW HORIZONS"). AHCCCS administers Medicaid health care programs to Arizona residents who meet certain income requirements. The federal government pays states for a percentage of Medicaid program expenditures.

Defendant and BRITNEY GOOCH opened NEW HORIZONS in Arizona with the assistance of L.C. and L.C. Defendant and BRITNEY GOOCH received a copy of policies and procedures for NEW HORIZONS from L.C. and L.C (a husband and wife with different first names and the same last name). Defendant and BRITNEY GOOCH received a one-page sheet containing guidance on the billing codes and time increments to submit to AHCCCS. The L.C. co-conspirators required Defendant and BRITNEY GOOCH to pay them a 20% kickback amount from the fraudulent proceeds of this health care fraud.

NEW HORIZONS had a physical location in Mesa, Arizona that saw and provided services to patients enrolled in the American Indian Health Program under AHCCCS. The services were submitted to AHCCCS, paid by AHCCCS, and sent to a bank account controlled by Defendant and BRITNEY GOOCH. However, NEW HORIZONS also billed AHCCCS for services that were not provided to patients. These false claims were submitted to AHCCCS, paid by AHCCCS, and sent to a bank account controlled by Defendant and BRITNEY GOOCH. As a result of the fraudulent submissions, Defendant and BRITNEY GOOCH obtained $3,300,000 in fraudulent proceeds from AHCCCS. As a result of the assistance from Mr. and Mrs. L.C. and L.C., Defendant and BRITNEY

GOOCH paid a portion of the fraudulently obtained proceeds to them.

b. Defendant shall swear under oath to the accuracy of this statement and, if defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in defendant's testimony may subject defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

### APPROVAL AND ACCEPTANCE OF DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon

such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

9/10/2024
Date

COERIC RILEY
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with defendant. No assurances, promises, or representations have been given to me or to defendant by the United States or any of its

- 9 -

representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.


9/10/2024
_____
Date

~~~~~~~ P____
_____
ANDREW PACHECO
Attorney for Defendant


## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

July 30, 2024
_____
Date

LINDSAY SHORT
Digitally signed by LINDSAY SHORT
Date: 2024.07.30 14:19:19 -07'00'
_____
LINDSAY SHORT
Assistant U.S. Attorney


## ACCEPTANCE BY THE COURT

_____
Date

_____
United States District Judge

- 10 -